AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| DAVID WOOD | ) Case No.   20-10006-NMG |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
      § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
      Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
      (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs
      (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses
      described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
      jurisdiction had existed, or a combination of such offenses; **or**
    ☐ (e) any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; *and*
  ☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
    § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise
    to Federal jurisdiction had existed; *and*
  ☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was
    committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
  ☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the
    defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses):* There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☑ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☑ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☑ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☑ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☑ Lack of stable employment
- ☑ Lack of stable residence
- ☐ Lack of financially responsible sureties

AO 472 (Rev. 11/16) Order of Detention Pending Trial

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

## OTHER REASONS OR FURTHER EXPLANATION:

The defendant is charged with two counts of distribution of and possession with intent to distribute fentanyl, one count of distribution of and possession with intent to distribute cocaine base, and one count of posession with intent to distribute fentanyl, in violation of 21 U.S.C. section 841(a)(1). The indictment arises out of three sales to a Cooperating Witness ("CW") of 1.2 grams of fentanyl on November 26, 2019; 7.6 grams of fentanyl on December 3, 2019; and 4.7 grams of crack cocaine on December 10, 2019. A search of the defendant's home pursuant to a search warrant at the time of his arrest disclosed an additional 19.42 grams of fentanyl in his bedroom. The sales to the CW are audio and video recorded. The evidence against the defendant at this junction appears strong.

    The defendant was arrested on December 19, 2019, and consented to detention on December 23, 2019. He is being held at the Wyatt Correctional Facility. The defendant filed a Motion for Detention Hearing on April 22, 2020 (Docket No. 32), and a detention hearing was held by "zoom" on May 1, 2020. The defendant and his counsel appeared remotely and waived an in-court appearance. The defendant is seeking release to an unlocked sober house because of the COVID-19 pandemic, and the fact that 10 cases of COVID-19 have been reported in the inmate population at Wyatt. While the defendant contends that he has sickle cell anemia, thereby making him more susceptible to being seriously affected by the COVID-19 virus, the only support for this condition is a letter from his mother indicating that she was told he had that diagnosis at birth. The defendant further alleges that he has asthma, but has no provided no medical information to confirm that diagnosis or to indicate how serious a condition this is. According to his mother, who admittedly does not have a great deal of information about his physical conditions, his asthma was "occasional." (Def. Ex. 6).

    The defendanta has been identified as an active member of the Morse Street gang in Boston. His lengthy criminal record, as described by the government and supported by exhibits, includes juvenile and adult convictions "for being a felon in possession of a firearm (a loaded firearm with an obliterated serial number, while drinking under the influence of marijuana at a bar); larceny from a person, assault and battery, and threatening (an incident in which the defendant beat and robbed a young man of his cell phone and threatened him with what appeared to be a firearm); and attempt to commit a crime (an attempted armed robbery of a food delivery driver involving a lead pipe), as well as numerous violations of probation." (Docket No. 34 at 2). His last federal conviction was for being a felon in possession of a firearm in violation of 18 U.S.C. sec. 922(g)(1). During the period of supervised release following his incarceration, he cut off an electronic monitoring bracelet after a warrant had been issued because he had violated conditions of release. His whereabouts were unknown for a period of time. There were a number of serious violations of supervised release in that case. The instant drug sales were made less than a year after supervision ended.

    While this court is very concerned about the dangers of a COVID-19 outbreak at the detention facility, the danger to the community if the defendant is released is too great. He has a history of serious violent offenses and is charged with selling highly addictive drugs. The evidence is that the defendant will not comply with conditions of release. Moreover, there is a high risk that he will flee.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     05/05/2020                                /s/ Judith Gail Dein

                                                                                 United States Magistrate Judge