UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　v.<br><br>DAVID WOOD,<br><br>　　　　　Defendant. | Criminal No. 20-CR-10006-NMG |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States submits this Sentencing Memorandum in connection with the defendant David Wood's sentencing, scheduled for June 15, 2021. The parties in their binding plea agreement pursuant to Fed. R. Crim. P. 11(c)1(C) have recommended a 36-month sentence of imprisonment – just below the high end of the Guidelines as calculated by Probation – as well as supervised release for 3 years thereafter, including a geographic restriction aimed at keeping the defendant away from the pressures of fellow Morse Street gang members who spend time in that area and/or former customers to whom he sold drugs in that area. The government asks that the Court accept this Plea Agreement and impose the agreed-upon sentence.

## FACTS

Wood has been convicted of two counts of distribution of and possession with intent to distribute fentanyl, one count of distribution of and possession with intent to distribute cocaine base, and one count of possession with intent to distribute fentanyl, all in violation of 21 U.S.C. § 841(a)(1). These charges stem from Wood's sale of fentanyl and cocaine base to a cooperating witness ("CW") working with FBI in November and December 2019, and agents' discovery of additional fentanyl intended for distribution in his bedroom in his residence during the execution

of a search warrant on December 19, 2019. *See* PSR ¶¶ 11-19. The total weight of the tested substances across the three transactions described in the PSR, along with the controlled substances found in Wood's bedroom during the search warrant execution, was approximately **23.69 grams of fentanyl and 4.187 grams of crack cocaine**. PSR ¶ 10.

Because the material facts are unopposed, an evidentiary sentencing hearing is not necessary.

## DISCUSSION

### I. Sentencing Guideline Calculation

Based on its computation of Wood's total offense level as 17 after a three-level reduction for prompt acceptance of responsibility, and his criminal history category as III, the United States Probation Office ("Probation") has calculated a guideline sentencing range ("GSR") in this case to include a term of incarceration from 30-37 months, to be followed by a term of supervised release of 3 years; a fine of $10,000 to $1 million; and a special assessment of $400. The Government concurs with Probation's determination of the GSR.

### II. Application of the Section 3553(a) Factors

The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in § 3553(a)(2). These factors include the nature and circumstances of the offenses and the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide for the needs of the defendant. They also require courts to consider the kinds of sentences available and the GSR. In this case, the

parties agree that a sentence of imprisonment of 36 months, with meaningful conditions including a geographic restriction, and three years of supervised with release, is sufficient, but not greater than necessary, to achieve the goals of § 3553(a)(2).

### A.  Application of the 3553(a) Factors Points to the Agreed Sentence

#### 1.  Nature and Circumstances of Offense

The PSR holds Wood accountable for 74.20 kg converted drug weight – toward the higher end of the 60-80 kg range that results in offense level 20.  The drugs in question included crack cocaine and fentanyl, both of which pose serious risks to the health and safety of the community.

#### 2.  Seriousness of Offense; Respect for the Law; Just Punishment; Deterrence; Protection of Public

The seriousness of these crimes and the relevant conduct must not be overlooked.  Wood sold drugs including crack cocaine and fentanyl – powerful drugs that have been linked to any number of societal harms, including intractable addictions and fatal overdoses.  The impact of Wood's crimes on the quality of life of the communities in which he sold drugs cannot be overlooked.

The impact of Wood's crimes on his drug customers also must not be overlooked.  Although the customer in the charged offenses was a CW who did not ingest the drugs, the intended customers of the additional fentanyl located in his residence were not; they were individuals who were ingesting these substances.  Doubtless, Wood's conduct fed many others' addictions.  The effect of Wood's conduct on these individuals must also be considered.

A sentence of 36 months imprisonment properly reflects the seriousness of the offenses, promotes respect for the law, provides just punishment for the offenses, affords adequate deterrence, and protects the public from further crimes of the defendant.  As discussed further

strict
strict
strict

below, the agreed-upon geographic restrictions will also contribute to the safety of the public in the area in which Wood committed his crimes.

### B. The Agreed Sentence Properly Takes Into Account the Defendant's Personal Characteristics

The government acknowledges certain points raised in the PSR regarding challenges Wood has faced that may have contributed to his decision-making in this matter. Wood had a difficult childhood with an absent father, domestic violence within the home, and financial hardship. PSR ¶¶ 65-67. He has lost friends to shooting violence and has himself been shot twice. PSR ¶¶ 81-82. He has some history of mental health and substance abuse issues. PSR ¶¶ 86, 90. He did not complete high school and has little employment history. PSR ¶¶ 93, 96.

The government's recommendation of a 36-month sentence takes these considerations into account. However, the government's recommendation also takes into account other, less sympathetic personal characteristics. At the time of his arrest, he was an active member of the Morse Street gang and was selling drugs in an area frequented by members of that gang. PSR ¶¶ 9-10. The defendant has a lengthy and serious criminal history, including a conviction in this Court for a violation of 18 U.S.C. § 922(g) in connection with an incident in which Wood was found with a loaded firearm with an obliterated serial number in his waistband. PSR ¶ 50.

Notably, in that case the Court grew to second-guess its leniency in its original sentence[1] as the defendant repeatedly violated conditions of supervised release. On October 28, 2015, the Court found Wood in violation of supervised release and sentenced him to an additional 2 years

---

[1] In that case, the government asked the Court to sentence David Wood at the low end of the advisory guideline range, to 110 months imprisonment, and to 3 years of supervised release including geographic and associational restrictions. 10-10127-MLW (D. Mass.), Dkt. No. 29. The Court (Wolf, J.) sentenced the defendant to 60 months imprisonment and 3 years of supervised release, including geographic and associational restrictions.

in prison and 12 months of supervised release. At that proceeding, Wood admitted that, while he was on supervised release, he possessed 6 bags of heroin, used marijuana, drove without a license on two occasions, drove in Rhode Island (outside the district of supervision), did not tell Probation about being stopped, did not report to his weekly Moral Recognition Group, associated with at least one known felon, violated an associational restriction by being found with three Morse Street associates, and violated a geographic restriction by being in the Morse Street neighborhood. On that occasion, Judge Wolf said the following to the defendant: "this is the rare case where I feel like I have in front of me somebody who didn't seriously try." *See* Transcript of Revocation Hearing, 10-CR-10127-MLW, Dkt. No. 68 at 32.

A sentence toward the high end of the guidelines adequately acknowledges and balances these factors.

### C. Reasonable Geographic Restrictions Are Appropriate in This Case

The government agrees with Probation's recommendations regarding terms of supervised release, and notes that the parties have also agreed to a geographic restriction, prohibiting Wood from entering the Exclusion Zone delineated in Attachment A to the Plea Agreement (Dkt. No. 64) – the area in which the Morse Street gang members are known to spend time and in which Wood was selling drugs – without the express permission of his Probation Officer.

The purpose of this restriction is to aid Wood's rehabilitation by reducing his opportunities for further crime and eliminating any expectation from fellow gang members who live in or frequent the Exclusion Zone and/or his prior customers that he will further engage with them in criminal activities. Appellate courts have routinely upheld such restrictions as a condition of probation or supervised release whenever the restriction served as a deterrent to protect the victimized community or rehabilitate the defendant based on his prior record. *See*

*United States v. Garrasteguy*, 559 F.3d 34 (1st Cir. 2009) (affirming on plain error review 12-year restriction from Suffolk County imposed on defendant who sold drugs at Bromley Heath Housing Development); *United States v. Watson*, 582 F.3d 974 (9th Cir. 2009) (validating restriction that prevented the defendant from entering City of San Francisco without the prior approval of his Probation Officer); *United States v. Cothran*, 855 F.2d 749 (11th Cir. 1988) (validating a probation restriction that prevented a defendant, convicted of cocaine distribution to minors, from traveling to Fulton County, Georgia, because his return to a high-crime neighborhood in Atlanta would likely result in his continued criminal activity and the endangerment of neighborhood youth).[2]

Here, the proposed restrictions are based on Wood's criminal conduct in this manner, reflecting repeated drug sales in and around the Exclusion Zone. The restrictions are also drafted to give Probation the flexibility to modify the restrictions for good cause shown (such as work or school). In addition, of course Wood will always have the right to ask the Court to modify them while he is on supervised release.

---

[2] In approving the geographic restriction imposed in *Garrasteguy*, the First Circuit described the legal framework for such conditions as follows:

> District courts have significant flexibility to impose special conditions of supervised release. A district court may impose as a condition of supervised release most discretionary conditions identified in 18 U.S.C. § 3563(b), or any other condition the court deems appropriate. All such conditions, however, must be "reasonably related" to the factors set forth in § 3553(a), may involve "no greater deprivation of liberty than reasonably necessary" to achieve the purposes of §§ 3553(a)(2)(c), (a)(2)(D), and must be consistent with any pertinent policy statement of the United States Sentencing Commission. 18 U.S.C. § 3583(d); *see also United States v. York*, 357 F.3d 14, 20 (1st Cir. 2004).

559 F.3d at 41 (footnotes omitted).

## CONCLUSION

A sentence of incarceration just below the high end of the Guidelines, along with a significant period of supervised release, properly reflects the seriousness of the offenses of conviction, promotes respect for the law, adequately punishes Wood for his criminal conduct, deters him and others from offending in the same way again, and protects the public.

For the foregoing reasons, and those to be articulated at the sentencing hearing, the government respectfully recommends that this Court impose a sentence of 36 months imprisonment, to be followed by a three-year term of supervised release (concurrent on all four counts), as well as the required $400 special assessment and forfeiture as set forth in the Plea Agreement. The government also respectfully requests that terms of supervised release include a geographic restriction as set forth in Attachment A of the Plea Agreement, requiring Wood to stay away from the Exclusion Zone including the Morse Street area in which he repeatedly sold drugs.

Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offenses and the goals of sentencing. Accordingly, the government asks that the Court accept the parties' Plea Agreement and impose the agreed-upon sentence.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its attorney,

NATHANIEL R. MENDELL
Acting United States Attorney

*/s/ Elianna J. Nuzum*
Elianna J. Nuzum
Assistant United States Attorney
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
elianna.nuzum@usdoj.gov
617.748.3251

Dated: June 10, 2021

## CERTIFICATE OF SERVICE

      Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Elianna J. Nuzum*
Elianna J. Nuzum
Assistant United States Attorney

Dated: June 10, 2021